UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD STEVENS,<br><br>                Petitioner,<br><br>   v.<br><br>TEREMA CARLIN,<br><br>                Respondent. | Case No. 3:14-cv-00403-REB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Edward Stevens has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 1.) The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases.

## REVIEW OF PETITION

### 1.     Standard of Law for Review of Petition

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition

**INITIAL REVIEW ORDER - 1**

and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

## 2.    Discussion

Petitioner was convicted in the Fourth Judicial District Court in Ada County, Idaho, of first-degree murder. The judgment of conviction was entered on January 30, 1999. Petitioner received a sentence of life imprisonment without the possibility of parole. He pursued a direct appeal as well as state postconviction remedies.

In his federal Petition for Writ of Habeas Corpus, Petitioner brings the following claims:

Claim 1:    Due process violation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), based on the prosecutor's alleged failure to disclose evidence relevant to the cause of the victim's death.

Claim 2:    Ineffective assistance of trial counsel, based on counsel's failure (a) to discover an embalming report regarding the victim; (b) to investigate reports that a medication the victim was taking could cause cardiac arrest; and (c) to consult with an expert regarding an X-ray of the victim.

Claim 3:    Ineffective assistance of direct appeal counsel, based on counsel's failure to challenge the Idaho Supreme Court's appointment of one of its sitting justices—who had previously been the trial judge—to preside over Petitioner's state postconviction proceedings.

Petitioner may proceed on his habeas claims to the extent that they (1) are

**INITIAL REVIEW ORDER - 2**

cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to properly exhaust. It is necessary for the Court to review portions of the state court record to resolve preliminary procedural issues, and it would also be helpful to receive briefing from Respondent. Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who shall provide relevant portions of the state court record to this Court.

**REQUEST FOR APPOINTMENT OF COUNSEL**

Petitioner has also requested appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 1), it will be unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, the Court will

**INITIAL REVIEW ORDER - 3**

presently deny the request for appointment of counsel, but will reconsider it after it reviews Respondent's submissions.

## ORDER

**IT IS ORDERED:**

1. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

2. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 1), with exhibits, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent Carlin, at Mr. Anderson's registered ECF address.

3. **Within 120 days after service of the Petition, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will consider the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or any claims not disposed of on the merits that appear subject to procedural defenses, the Court then will**

**INITIAL REVIEW ORDER - 4**

**determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.**

4.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

5.  If the response to the habeas petition is an answer, Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer and brief. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

6.  If the response to the habeas petition is a motion, Petitioner's response shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

7.  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first

**INITIAL REVIEW ORDER - 5**

obtaining leave of Court.

8.      No discovery shall be undertaken in this matter unless a party obtains prior

leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254

Cases.

9.      The parties may, but need not, file the following in this matter: (1) notices of

non-objections to motions to which they do not object; (2) responses to

motions for appointment of counsel; (3) responses to motions that are

meritless, frivolous, or filed in contravention of this Order; or (4) notices of

intent not to file a reply. If additional briefing is required on any issue, the

Court will order it.

10.     Each party shall ensure that all documents filed with the Court are

simultaneously served via the ECF system or by first-class mail upon the

opposing party (through counsel if the party has counsel), pursuant to

Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper

mailing certificate to each document filed with the court, showing the

manner of service, date of service, address of service, and name of the person

upon whom service was made, or as specified by the applicable ECF rules.

The Court will not consider ex parte requests unless a motion may be heard

ex parte according to the rules and the motion is clearly identified as

requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means

that a party has provided a document to the court, but that the party did not

**INITIAL REVIEW ORDER - 6**

provide a copy of the document to the other party to the litigation.)

11.    All Court filings requesting relief or requesting that the Court make a ruling

or take an action of any kind must be in the form of a pleading or motion,

with an appropriate caption designating the name of the pleading or motion,

served on all parties to the litigation, pursuant to Federal Rules of Civil

Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not

consider requests made in the form of letters.

12.    Petitioner shall at all times keep the Court and Respondent advised of any

change in his address.

13.    If Plaintiff's custodian changes at any point during this litigation, counsel for

Respondent shall file a Notice of Substitution of Respondent **within 30 days**

of such change, identifying the person who is substituted as Respondent. *See*

Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED:   **November 3, 2014**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**INITIAL REVIEW ORDER - 7**