UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD STEVENS,<br><br>                Petitioner,<br><br>v.<br><br>TEREMA CARLIN,<br><br>                Respondent. | Case No. 3:14-cv-00403-REB<br><br>**ORDER DENYING STAY PENDING APPEAL** |

On February 7, 2018, this Court granted Claim 1 of Petitioner Edward Stevens's Petition for Writ of Habeas Corpus pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The Court's decision requires the State of Idaho to release Petitioner or to institute new trial proceedings against him within 120 days of the date of that Order—that is, by June 7, 2018. (Dkt. 30.) Respondent has filed a Notice of Appeal and a Motion for Stay Pending Appeal. (Dkt. 32, 33.) Petitioner has opposed the Motion to Stay and filed an alternative Request for Bond, arguing that if the Court issues a stay pending appeal, it should allow Petitioner to be released on bond. (Dkt. 36, 38.) The motions are fully briefed. (Dkt. 33, 36, 38, 39, 40, 42.)

1. **Standard of Law**

If a federal court grants habeas corpus relief, the petitioner must be released from custody "on personal recognizance, with or without surety," unless "the court or judge

**ORDER DENYING STAY PENDING APPEAL - 1**

rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise." Fed. R. App. P. 23(c). The United States Supreme Court has held that Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). In *Hilton*, the Court identified four factors for a court to consider in determining whether release pending appeal is appropriate:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id*. at 776.

**2.    Discussion**

For the reasons that follow, the Court concludes that Respondent has not rebutted the Rule 23(c) presumption and that a stay pending appeal is inappropriate in this case.

First, Respondent has not made a strong showing that he is likely to succeed on the merits of his appeal. Respondent mostly rehashes the same arguments that this Court has already found to be unpersuasive with respect to Petitioner's *Brady* claim. (Dkt. 33-1 at 5-7.) Further, though Respondent has included some additional speculation as to the evidence of post-embalming removal of the victim's eyes (*see id.* at 7), there is nothing in the record to support such speculation.

This Court has already determined that the Idaho Supreme Court's rejection of Petitioner's *Brady* claim was objectively unreasonable under § 2254(d)(1). That is, no fairminded jurist could agree with that court's treatment of the *Brady* claim. *See*

**ORDER DENYING STAY PENDING APPEAL - 2**

*Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Court also found that the state post-conviction court's factual finding of pre-embalming removal of the eyes was unreasonable under § 2254(d)(2) and that Petitioner rebutted the presumption of correctness under § 2254(e)(1) by clear and convincing evidence. Given that no fairminded jurist would agree with the state court's resolution of Petitioner's *Brady* claim, Respondent does not have a substantial likelihood of prevailing on appeal.

Second, Respondent has failed to satisfy his burden of showing irreparable injury if a stay is denied. The Court agrees that witnesses' memories fade over time (Dkt. 33-1 at 10), but such is the case with all retrials. Respondent's other arguments as to irreparable injury will be discussed below in the context of the public-interest factor.

Third, although the State likely would not suffer substantial injury if the Court rejects his arguments, Petitioner unquestionably would. He has already been incarcerated for nearly 21 years, and the Court will not extend that period absent extraordinary circumstances, which are simply not present here. *See Grube v. Blades*, Case No. 1:01-cv-00357-BLW, Dkt. 121 at 2 (Feb. 28, 2006) (finding that a stay pending appeal would substantially injure the petitioner, "who has already been imprisoned for 15 years"). In addition, Petitioner has an especially strong interest in release—his mother has been diagnosed with Stage IV uterine cancer, she has no other relatives in Idaho, and may "pass away before the appeal can be completed." (Stevens Aff., Dkt. 36-2, at ¶ 12.) Thus, Petitioner will suffer substantial injury if a stay is granted.

Finally, the public interest weighs against a stay. Respondent argues otherwise, stating that this Court's decision to grant relief on Petitioner's *Brady* claim "was not based upon a showing of insufficient evidence at [Petitioner's] trial." (Dkt. 33-1 at 10.) Technically, Respondent is correct. But as Respondent is aware, but does not mention, and as recognized by the state courts as well as this Court, most of the evidence at Petitioner's trial was hotly disputed, and the single most important piece of evidence against Petitioner was the evidence of injuries in the victim's eyes—evidence that has now been called into serious doubt. Further, Petitioner's first trial ended with a hung jury. Thus, this is not a case "where there is overwhelming evidence of guilt" of the murder of the victim. *Grube*, Case No. 1:01-cv-00357-BLW, Dkt. 121 at 3.

Indeed, the *Brady* evidence lends support to Petitioner's claim that the victim was not shaken prior to his death, which theory was necessary to support the State's charge of first-degree murder. Further, though Respondent dismisses the evidence that the victim's skull fracture was more than two times smaller at the time of injury than previously believed (Dkt. 39 at 7), he has not disputed (1) that this evidence "shows whatever caused [the victim's] skull fracture required less force than previously thought by either party because the impact only caused a four-centimeter fracture rather than a nine-centimeter fracture," or (2) that the evidence makes the possibility of an accidental fall much more likely than if the skull fracture had in fact been nine centimeters long at the time of injury. (State's Lodging C-11 at 2376; Dkt. 15 at 52-58; Dkt. 39 at 7.)

**ORDER DENYING STAY PENDING APPEAL - 4**

Relying on the state trial court's repeated refusals to allow bond in the underlying criminal case, Respondent also argues that Petitioner must pose a flight risk or a risk to the public. (Dkt. 33-1 at 8.) However, Respondent has "not provided any specific details upon which the state courts relied" in denying Petitioner bond. *Grube*, Case No. 1:01-cv-00357-BLW, Dkt. 121 at 3. Moreover, Petitioner had no criminal history prior to his arrest in this case, and in prison, Petitioner has done very well. He has become "a GED tutor" and "computer clerk," as well as "the inmate coordinator for the Inmate Suicide Prevention program." (Stevens Aff., Dkt. 36-2 at ¶¶ 9-10.) Throughout the entirety of his incarceration, Petitioner has received only two Disciplinary Offense Reports, both of which were dismissed after a hearing. (*Id.* at ¶ 8.) All in all, Petitioner appears to be nearly a model inmate. Therefore, on the current record, the Court cannot find that Petitioner is a risk of flight or is dangerous to the community.

For the foregoing reasons, the Court will deny Respondent's Motion to Stay Pending Appeal. This is not to say that the Court would not entertain a motion for a partial stay—for example, staying only the retrial date—pending appeal, or that the Court would not consider imposing bond or reasonable conditions of Petitioner's release pending appeal. *See Grube*, Case No. 1:01-cv-00357-BLW, Dkt. 121 at 2-3 ("The Court has the option of releasing the prisoner but staying the retrial provision of the Order pending appeal.... The Court believes it can fashion an order that will protect the State's right to a retrial if Petitioner prevails on appeal, protect [Petitioner's] right to be free from an imprisonment tainted by a constitutional violation, and protect the public."). However,

absent suggestions on the amount of bond or potential release conditions and briefing from the parties, the Court does not have sufficient information to issue a partial stay or to impose such conditions at this time.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion to Stay Pending Appeal (Dkt. 33) is DENIED without prejudice.

2. Because Petitioner's Request for Bond was framed in the alternative, seeking such bond only if the Court granted Respondent's Motion to Stay, the Request for Bond (Dkt. 38) is MOOT.

DATED: April 2, 2018

Ronald E. Bush
Chief U.S. Magistrate Judge